June 13th 2016

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 11 2016**

JEFFREY P. COLWELL
CLERK

James Rudnick
Colorado D.O.C. #68432
-C Sterling Facility
Box 6000
Sterling CO 80751

RE: Prisoner Legal Access Interference

Dear Sir:

I am humbly seeking your help to stop the interference and threats against my Legal Access Materials and Work Product held hostage in the Facility Law Library Computer System Files.

The Prison Law Clerk has severely <u>hindered</u> my legal access; <u>limiting</u> my library access; <u>sharing</u> my confidential legal documents and documents still under construction — [on the Law Library system file], with other staff and legal entities; scrutinized the content without my presence *; and blocked "print-out" of my prepared court motions — threatening to delete them on a mere presumption that:

(1) "They look like just notes" and declared font size (that I had varied for footnotes) must all be one size/style/type

(2) That 'they' thought the name [title] was no good, and,

(3) Any document variance from CDOC standards "is fraud". (Subject to deletion & disciplinary report)

I was told: "If you don't like it — you don't have to use our C.D.O.C. computers — and you can just leave — go write-out your motions by hand"

This conduct represents a serious threat as I have spent a long time preparing these motions — (maybe) getting <u>one</u> <u>library session per week</u> — and now they may be deleted.

1

I filed an in-house grievance on this threat see: Sterling/CDOC Grievance # R-SF 15/16-0009/225 and reported this conduct to various agencies (see attached)

What has since happened is a "Rule Change" (attached) that now bars "keeping notes" on your sys. file and brings other limitations & restrictions with a <u>cut-off date</u> to bring motions into compliance. (June 30th 2016) - not enough time!

* Motions limited to (15) pages - or its declared fraud -
* Motions all in <u>one font size</u> - or it's fraud
* Motions will be "reviewed" before allowed to be printed
  * Law library clerk may declare documents as she sees fit.
* Documents declared "notes" or "fraud" will be deleted
  * Interestingly - we are permitted copies of <u>full case files</u> @ 25¢ <u>per page</u> - but - <u>not permitted</u> a print-out of a mere case cite "quoted" even for an attorney letter. ["cite", yes / quote, no]
  * When constructing a document we are permitted to "click + drag" law onto a document - but - even an unfinished motion may "look like notes" until it is completed - and - often a quoted cite is all that is necessary to make a legal point inside a completed motion.
  * If I am paying 25¢ <u>per page</u> for my legal work who are these CDOC people to deny my documents?
  * Does this now include scrutiny and restriction on my handwritten motions when needing copies?
  * Is CDOC law clerk violating separation of powers and exercising ultimate authority on her "presumptions" of content and style?

2

✱
- Do we no longer have SECURITY over our LEGAL WORKS because under the current CDOC "SYSTEM" all staff and clerks now have ability to access our SYS. FILES [ANYWHERE] with just a PASSWORD?
- Is this Acceptable Practice to do to our STATE OFFICIALS?

I find I need your help because all they've done is to justify their actions with NONSENSE.

I feel this conduct and restriction is both violating "FREEDOM OF EXPRESSION" & RIGHT TO ACCESS THE COURTS → AS WELL AS — Causes CRUEL & UNUSUAL PUNISHMENT IN VIOLATION OF EQUAL PROTECTION (IF) All "STATE COMPUTER USERS" ARE NOT SIMILARLY TREATED. → A SORT OF BIG BROTHER EXTREMISM

The sad fact is that once the LEGAL DOCUMENTS are ENTERED Now CDOC DECLARES "ULTIMATE CONTROL" of-YOUR-MATERIAL AND OF-YOUR-LEGAL ACCESS that may continuously be "MONITORED".

However — CDOC REGULATIONS "REQUIRE" that prisoner be PRESENT when STAFF conduct a search of all LEGAL FILES in a CELL-SEARCH... so what AUTHORITY do they have to VIOLATE THIS REGULATION to then FREELY SCRUTINIZE our LEGAL FILE DOCUMENTS on the LAW LIBRARY COMPUTER SYSTEM?

I would like your help to STOP this SENSELESS ACTIVITY INTERFERING with my LEGAL ACCESS. STOP the FREE ACCESS FOR STAFF AND their SCRUTINY, COMMENTING & SHARING of MY FILE INFORMATION, AND STOP the ACCESS RESTRICTION TO Me then. STOP the THREAT AND/OR PUNISHMENT of DELETION OF FILES. Thank you so much for your time.

SINCERELY [signature]

3

James Rudnick
Colorado Dept. of Corrections
Register # 106432
S.C.F. 1-C  Box 6000
Sterling, CO  80751

*one example*

March 16th 2016

Attorney Regulation Counsel
1300 Broadway  Suite 500
Denver, CO  80203

Re: Legal Access Interference - Violation of Confidentiality - Practicing Law Without License - Page Limits

Dear Sir(s):

I believe the Law Library "Legal Assistant" [= Clerk] has violated her authority to the point that she (by her conduct) is "Practicing Law Without a License".

Attached are copies of my "incident reports" of wrongful conduct of prison staff hindering - blocking my access to the courts. "Snooping thru" my legal files & documents to threaten to delete my research & material in-preparation (or) to "tell me what she will or won't accept as-a-motion" [for printing] is beyond her authority. (per CDOC 'Admin. Reg.' or otherwise)

▷ I ask: Should (we) be also granted the privilege & power to snoop-thru the "A.G." or other court officer's legal materials before it goes to court?

▷ Should (we) also hold the power to exert our opinion on what (we) will accept for "allowing" it to be sent or printed?

▷ Why are only prisoners restricted to 'page limitations' forcing (us) to file multiple motions (at 25¢ per page)?

Would you please address this situation & get back with me? I do not want "more retaliation" - let me know you can do.

Thank you.

[signature]

## FAIR NOTICE PRESENTMENT

Formal notice is hereby given to inform all parties employed by the Colorado Department of Corrections, or operating under contract / special assignment / or informal agreement for the C.D.O.C. and to include all offender clerks (operating in, or for, Offender Legal Services) of the following:

1. That I am James Rudnick, C.D.O.C. prisoner number 68432, currently held in the Sterling Correctional Facility, operated by, and for, the C.D.O.C., and I fully retain all rights and privileges being in compliance with the established program administrative Regulations and the signed facility Law Library contract.

   I reserve all my rights given and created as demonstrated under: <u>Hale v Henkle</u> 201 US 43, that includes right of expectation of state agent's obligation to follow the sworn oath of office and to obey the law and protections given by the law or the Constitution

   Further, my rights include the protection given by law or Constitution to be free from impediment of these rights.

2. That pursuant to my right to confidentiality of my legal materials and information kept in the Legal Access Program "computer system" (in the process of being prepared - or - of my completed documents ready for printing) within my right for access to the courts, I expressly forbid:

   a. the practice of the above specified parties' word-for-word scrutiny of my prepared legal documents;

   b. the sharing and/or transfer of information from my documents with other parties;

   c. the public airing of personal opinion of my documents - or - of the legal content therein with other parties;

   And, I further forbid:

   d. any of the above parties' "conclusory legal determinations" regarding my documents or work product from my files - or - such determinations being in derogation of my preparation techniques - or - such determinations vindictively motivated with the purpose to "deny" and/or "delete" my legal materials / documents / or information from the Legal Access system computer by falsely or falaciously or personally concluding that my "materials do not meet program definition of legal material per AR 750-01"; and,

   e. I expressly forbid any "deletion" of my computer files - or - of any content contained therein, without having my expressed permission.

ACCESS TO THE COURTS

- IN RE WORKERS COMP. REFUND 46 F3d 813   1ST AMENDMENT RIGHT OF COURT ACCESS CANNOT BE IMPAIRED EITHER DIRECTLY OR INDIRECTLY.

- SHABAZZ v ASKINS 14 F3d 533 (10th '94) PRISON OFFICIALS MAY NOT RETALIATE AGAINST OR HARASS INMATE BECAUSE OF INMATES EXERCISE OF HIS RIGHT OF ACCESS TO THE COURTS

- PATRICK v MAYNARD 11 F3d 991 (10th '93) PRISONER'S CONSTIT. RIGHT TO ACCESS THE COURTS REQUIRES PRISON AUTHORITIES TO ASSIST INMATES IN PREPARATION AND FILING OF MEANINGFUL LEGAL PAPERS BY PROVIDING PRISONERS WITH ADEQUATE LAW LIBRARY ACCESS OR ADEQUATE ASSISTANCE FROM PERSONS TRAINED IN LAW. [NOT BLOCKING & THREATENING DELETION OF LEGAL MATERIALS]

- RUARK v SOLANO 928 F2d 947 (10th 91) (1) PRISONER'S CONSTIT. RIGHT TO ACCESS TO LEGAL RESOURCES IS NOT CONDITIONED ON SHOWING OF NEED. (2) WHEN CORRECTIONAL EMPLOYEE FAILED TO ANSWER PRISONERS REQUEST FOR ACCESS TO RESOURCES, A VALID CLAIM FOR DENIAL OF ACCESS TO LEGAL MATERIALS WAS STATED.

- BAR MK RANCHES v YEUTTER 994 F2d 735 (10th '93) ADMINISTRATIVE AGENCIES ARE REQUIRED TO FOLLOW THEIR OWN REGULATIONS.

PELL v PROCUNIER 438 US 1 (78) PRISON CAN'T HAVE A RULE THAT KEEPS YOU FROM EXPRESSING YOURSELF IN ALL LEGAL WAYS — 1st AMEND. FREEDOM OF SPEECH AND EXPRESSION AS WELL AS POLITICAL BELIEFS

PROCUNIER v MARTINEZ 416 US 396 (74) PRISONER HAS RIGHT TO KEEP LEGAL MATERIALS ON THE GROUNDS THAT IT DOES NOT POSE A SECURITY THREAT NOR PREVENT OR HURT HIS REHABILITATION — AND —

STEPHANOW v McFADDEN 103 F3d 1466; CHRICEOL v PHILLIPS 169 F3d 313, CANNOT REFUSE INMATE HIS LEGAL MATERIALS SIMPLY BECAUSE THEY DO NOT APPROVE OF IT, WILLIAMS v BRIMEYER 116 F3d 351 AND NO THREAT POSED.

Art II §10 FREEDOM OF EXPRESSION (COLO. CONSTIT)

INCIDENT REPORT (1) OF 2                                    PAGE 1 OF 2

DATE OF INCIDENT: 3/01/16    LOCATION  SCF LAW LIBRARY
OFFENDER:  SCF EMPLOYEE JENNIFER ANDERSON - LEGAL ASST.

INCIDENT:

On 3/01/16 I (PRISONER JAMES RUDNICK #68132) TURNED-IN A LAW-LIBRARY PHOTOCOPY REQUEST FOR OBTAINING COPIES OF (3) LEGAL DOCUMENTS ENTERED INTO THE LAW LIBRARY COMPUTER UNDER MY NAME. THESE DOCUMENTS TOOK MANY MONTHS TO PREPARE AND INCLUDES "LEGAL SUPPORT" OF MY ISSUES RAISED (TO BE SENT TO COURT) BY CITING NUMEROUS CASE QUOTES AND LAW. MRS ANDERSON REFUSED TO COPY THESE DOCUMENTS AND YELLED THAT "SHE WASN'T GOING TO, NO-MATTER WHAT I CHANGED, OR HOW MANY TIMES I PUT MY NAME IN THEM". HER WHOLE CHARACTER CHANGED TO HOSTILITY THREATENING TO DELETE MY FILES AND HAVE ME REMOVED. SHE WAS VERY LOUD STATING: "THEY ARE 'JUST NOTES' AND I DON'T HAVE TO PRINT IT."... ADDING: "YOU CAN WRITE-IT-OUT ON PAPER"..."NOW GET OUT OF HERE"..."I'M NOT DEALING WITH YOU ANY MORE" "I'M SICK OF YOU WANTING SOMETHING YOU'RE NOT GETTING". SHE THEN YELLED THAT SHE WAS HAVING "OTHER STAFF LOOK AT IT" AND GOT ON THE PHONE TO TALK TO SOMEONE ELSE ABOUT MY FILES AND WHAT SHE WOULDN'T COPY. WHEN I ASKED WHAT SHE WAS GOING TO DO - SHE SAID SHE WAS "HAVING THE LEGAL SERVICES DEPARTMENT (AT HEADQUARTERS?) LOOK AT THE DOCUMENTS AND DECIDE WHAT TO DO WITH THEM"... AND KEPT THE PHOTOCOPY REQUEST (AND THE DOCUMENTS ON HER COMPUTER). I HAVE NEVER SEEN HER SCRUTINIZE OTHER PRISONER DOCUMENTS SO EXCLUSIVELY, OR PUT THEM UNDER SCRUTINY BY 'OTHER STAFF'. ANDERSON'S YELLING, AND HOSTILE BEHAVIOR IS UNWARRANTED AND UNPROFESSIONAL. HER LOUD DEMEANOR HAS GOTTEN WORSE ALLOWING INMATE TILLERY TO CHIME-IN WITH SARCASTIC AND THREATENING REMARKS TO "DELETE OUR FILES" OR "NOT GET SCHEDULED FOR REQUESTED ACCESS"... AND JOKE ABOUT OUR (MY) CIRCUMSTANCES DURING THE SCHEDULED ACCESS PERIODS.

WHEN I AM PRESENT AT MY SCHEDULED "ACCESS" PERIOD, MRS. ANDERSON DELIBERATELY DELAYS "RELEASE" OF MY FILES ON THE COMPUTER WHERE I AM FORCED TO WAIT UP TO 45 MINS. ADDITIONALLY, WHEN MY LIVING UNIT FAILS TO CALL THE LIBRARY "PULL" ON TIME — OUR COMPUTERS ARE "GIVEN AWAY TO OTHERS" BECAUSE SHE ALLOWS INMATE TILLERY TO DECLARE US A "NO-SHOW" AFTER 15 MINS. LASTLY — THE SHEAR "NOISE-LEVEL" ALLOWED DURING THESE ACCESS SESSIONS IS EXTREMELY DISTRACTING WHERE ANDERSON CARRIES-ON WITH TILLERY AND OTHER INMATES LOUDLY BANTERING ABOVE ALL THE OTHER NOISE AND CONVERSATIONS. ANDERSON'S BEHAVIOR SNAPPING AT ME (WITHOUT ME HAVING SAID A WORD), THEN, RAGGING-TURNING TO DERISIVE RIDICULE AND SNEERING WITH THIS FLIPPANT ATTITUDE-CHANGE IS NO JOKE WHEN MY LIFE HANGS ON THESE LEGAL DOCUMENTS TO BE FILED. OTHERS FEEL SIMILARLY, THAT WE ARE HELD HOSTAGE, HAVING TO WALK ON "EGGSHELLS" JUST TO KEEP HER FROM TURNING HOSTILE TOWARD THEM, WHERE OUR "NEXT APPOINTMENT" MAY BE PUT IN JEOPARDY, OR OUR ABILITY TO GET COPIES STRICKEN AS SHE HAS DONE ME. THE BEHAVIOR AND OPERATING ENVIRONMENT IS OUTRAGEOUS AND HAS ALREADY BEEN GRIEVED. I FEEL I AM BEING RETALIATED AGAINST AND THAT THIS LEGAL ACCESS WILL NOT IMPROVE WITHOUT FILING THIS REPORT SEEKING IMMEDIATE DISCIPLINARY ACTIONS AND OPERATIONS CHANGES ALONG WITH PROTECTIVE MEASURES AGAINST FURTHER RETALIATORY ACTIONS FROM ANDERSON, HER ASSOCIATES, OR OTHER STAFF WHO MAY FEEL OBLIGATED TO COLLABORATE. THE DENIAL OF COPIES OF MY LEGAL DOCUMENTS OFF THE SYSTEM COMPUTER AND THREATS TO DESTROY MY FILES IS A DIRECT ATTACK ON MY RIGHT TO ACCESS THE COURTS AND THE VIEWING AND SHARING OF MY LEGAL DOCUMENTS WITH UNKNOWN PERSONS VIOLATES MY RIGHT TO PRIVACY WITH THE COURTS WHEN ACTING (PRO SE). A SUBSTANTIAL "CONFIDENTIALITY" BREACH WITH POTENTIAL FOR MY HARM IN WRONGFUL EXPOSURE, DENIAL OF INTENDED CLAIMS, AND LOSS OF MONTHS OF RESEARCH MATERIALS AND PREPARED INFORMATION FOR COURT USE DUE TO STAFF ABUSE OF AUTHORITY.

The hostility and personal attack on my request is loudly unwarranted having NEVER asked for ITEMS or SERVICES "NOT ALLOWED". All inmates in attendence at this law library session (and every session I've attended) will testify that I have NEVER raised my voice nor exhibited threatening or hostile attitude toward these library staff. They would also testify to her outrageous outbursts throughout many scheduled appointment/sessions with select people that Sue chooses. Anderson does NOT WAIT to hear what I want — instead will immediately jump-off the handle sneering about with insulting or demeaning attacks against what she claims "Sue knows what I want" and behaves like this is acceptable practice for a prison law library — that she can treat anyone with disrespect when no one has done anything wrong and that our "access" is subject to her whims.

This is NOT the first time she has refused copies for NON-justified (personal feelings) reasons. Attached is copy of incident on 2-23-2016. Further Anderson's basis for one refusal was because "it did not have a certificate of mailing" (separate page) — something I can write-up myself — not needing coming with a document. NONE of the Reasons given for Refusing photocopies is justified by AR or contract with the SCF or DOC; the behavior described violates DOC employees Code of Conduct and creates hostile environment in a state authorized program to provide needed legal access; Anderson's actions may have served to harm me by fore warning the courts or the state attorneys what is being prepared allowing unfair pre-view on which to act to circumvent my legal filings that includes discretion to 'delete my files'.

On the above facts - I swear them to be true,

CDOC # 608432   Sterling Facility        James Rudnick

# INCIDENT REPORT (2)

PAGE 1 OF 1

DATE OF INCIDENT: 3/07/16    LOCATION: SCF LAW LIBRARY

OFFENDER: SCF EMPLOYEE JENNIFER ANDERSON - LEGAL ASSISTANT

INCIDENT:

ON 3/07/2016 (I, JAMES RUDNICK - PRISONER # 68432) REPORTED-IN FOR MY SCHEDULED LEGAL ACCESS PROGRAM APPOINTMENT IN THE LAW LIBRARY AND ASKED THE "LEGAL ASSISTANT" SCF EMPLOYEE MRS ANDERSON ABOUT THE STATUS OF MY DOCUMENTS FOR PRINTING. ANDERSON TOLD ME "SHE WOULD NOT PRINT THEM [OFF THE COMPUTER] BECAUSE SHE WAS TOLD [BY ANOTHER REVIEWING PARTY] THAT THEY DID NOT LOOK LIKE MOTIONS AND HAD TO BE FIXED." SHE SAID: "THEY HAD THE WRONG SIZE 'FONT' AND IT ALL HAD TO BE MADE WITH THE 'CORRECT FONT' — ALL THE SAME SIZE FONT — AND THAT YOU HAVE TO MAKE IT LOOK MORE LIKE A MOTION."

THE LEGAL MOTIONS - DOCUMENTS WERE ALL IN THE COMPUTER TYPED IN SIZE 12 FONT WITH A COUPLE REFERENCE PARAGRAPHS OR "NOTES" TYPED IN SIZE 10 FONT EQUIVILENT TO FOOTNOTES. THE "APPEARANCE OF THE MOTIONS" WAS THEIR OPINION ONLY AND IRRELEVENT TO THE COURTS HOW THE "PARAGRAPHS WERE SPACED". MY PHOTOCOPY REQUEST FORM (FROM 3/01/16) WAS REFUSED AND THE PRINTING OF MY DOCUMENTS DENIED (7 DAYS) UNTIL THIS DAYS SCHEDULED APPOINTMENT WHERE I WAS FORCED TO CHANGE MY DOCUMENTS FOR ANDERSON TO GET THEM PRINTED, IN VIOLATION OF AR 750-01 (RE: CONFIDENTIALITY & PHOTOCOPYING) WHICH ULTIMATELY DELAYED - INTERFERED - HINDERED & IMPEDED MY ACCESS TO THE COURTS. ATTACHED: REJECTED PHOTOCOPY FORM

I SWEAR THESE FACTS TO BE TRUE.

*JAMES RUDNICK*

CDOC STERLING FACILITY

FEBRUARY 24TH 2016      HAND COPIED

James Rudnick
#68432   LU 1-C (1-14)

## S.C.F. Warden Chapdelaine

Re: Law Library Staff (Anderson) Censoring/Blocking/Denying Legal Documents To-Go-To Court (That Includes Her 'Threats' to Delete My Files)

Hello Mr. Chapdelaine!

I need your help. I want my "legal files" "made accessible" [printed] without hinderence to go to court. However, Mrs. Anderson spent 2 hours 'reading,' and getting other staff to 'read through' my legal documents (that I had entered into the Law Library computer over several months)..., her express purpose to censor/block/and deny what I want to send to court.

This is egregious interference with court access based on her mere interpretations of material that she will or won't print.

On: Feb. 23rd 2016 Anderson concluded my documents were "just notes" and used the whole library period to deny them. Sue was extremely loud and confrontational, insulting, and threatening to delete my files — where everybody was disturbed.

This is not appropriate behavior for professionals handling our "lives on paper" with legal files, and, yelling at me that! "You can just write it out on paper" is no solution after months of research and typing, preparing my actions.

1.

Anderson's "Justifications" were without Merit... The "Contract" we signed does not give authority to <u>Delete</u> our Files <u>at</u> the whim of her interpretations which — in this instance — are wrongful conclusory opinions from which no one can be safe by such "practices".

At a Minimum — she could have made a quiet comment (on brief "scan" of the material) to allow me to 'Go-over' the documents with an opportunity to make them <u>look better</u>, perhaps.

- I would like you to advise her of what is expected of your officers and <u>stop</u> this odd and un<u>deserved</u> animosity she has toward us who are utilizing this Legal Access Program as it was intended.

- I would like you to let her know, retaliation and persistent loud behavior publicly demeaning prisoners is not tolerable, and un safe.

- Lastly, I would like for you to protect us when these matters are brought to your attention. That would include protecting our "Access" to the Law Lib. Program on an equal treatment basis.*

   *Not simply favoring those with court dates (or) those "she chooses" — Also — when computers "become available" (during sessions), that we who need access, could be "called-in" to use them, rather than leaving them idle.

Please Look Into This A.S.A.P.

THANK YOU

2

## NOTICE OF CONSEQUENCES
### Pursuant to Grievance R-SF 15/16-00091225
### Titled = Legal Access Interference

Allowing the correctional employee conduct (described in this grievance) to continue and to be "justified" by whatever excuse crafted for the response shall serve as creation of precedence. —

1. Under Equal Protection, precedence established will open the door to allow "anyone" full & complete access to "any" files in the state's computer system

   - This would include "prisoners" having access rights to all state employee file materials, official state documents, and personal files of anyone.
   - Access right would open a gateway to read, invade, censor, delay, deny, block, hinder, interfere, critique, comment, scrutinize, ridicule, share the information with others, and hold hostage all files and actions even while the files are unfinished legal motions being worked on,
   → Just as has been done to me.

—/—

2. Quoting Respondant in similar context:
   - IF [THE STATE] IS SO SENSITIVE ABOUT HAVING THEIR WORK EVALUATED FOR [ANYONE'S SCRUTINY] THEY HAVE AVAILABLE A VARIETY OF ALTERNATE OUTSIDE SOURCES, AND
   - FURTHER — BY THE PRECEDENCE SET HERE; FULL & COMPLETE SYS. FILE ACCESS MUST BE MADE AVAILABLE TO THE STREETS AS GIVEN (HERE): [PARTY] IS FREE TO PROCURE COPIES FROM "OTHER SOURCES"
     ▽ ACCORDING TO RESPONDANT'S REFERENCE "ACCESS TO COPIES" IS TREATED EQUIVELENT TO "PRINT-OUT" OFF SYS. FILE WHICH THEY NOW HOLD EXCLUSIVE ACCESS CONTROL.
     → [BUT] ALLOWS CORR. EMPLOYEES "OUTSIDE ACCESS" TO OUR DOCUMENTS —

3. PRECEDENCE IS ALSO ESTABLISHED WHERE [ANYONE] CAN MAKE ANY EXCUSE FOR THE ARBITRARY TREATMENT OF ANOTHER'S SYS. FILES & GOVERNING OF ACCESS.

4. INAPPROPRIATE CASE LAW — IRRELEVENT TO THE FACTS MAY BE SUFFICIENT TO JUSTIFY MALFEASANCE THAT MAY INCLUDE THREATS & INTERFERENCE TO YOUR LEGAL DOCUMENTS [WORK PRODUCT/PROPERTY]

5. SUBVERSIVE MISDIRECTION TO "WHAT'S NOT IN A CONTRACT" MAY EXCUSE ONE'S MISCONDUCT AND SERVE TO PUT BLAME ON THE DOCUMENT/FILE CREATOR.

6. YOUR PROTECTED LIBERTY & PROPERTY INTERESTS MAY BE HELD HOSTAGE TO "ANOTHER'S CONTROL" OF BOTH FILE ACCESS & FILE CONTENT, & SCHEDULING:
   - THIS CONTROL MAY NOW EXTEND TO DOCUMENTS PREPARED ELSEWHERE NEEDING COPYING.
   - REVIEW OF CONTENT MAY BE ANYTHING FROM THOROUGH INVESTIGATION TO BANISHMENT & DELETION.
   - TREATMENT MAY BE SELECTIVE AND DISCRIMINATORY
   - ARBITRARY SELECTION FOR ACCESS & SCHEDULING MAY BE BASED ON IRRELEVENT ISSUE — [COURT DEADLINE, VACATION SCHEDULE, MEETINGS]

7. FINALLY INCONSISTANT STATEMENTS, LYING, AND MIS-REPRESENTATION IS NOW ACCEPTABLE FOR COVERING-UP MISCONDUCT IE: FALSE SWEARING* 18 USCA §1621 AND STATE v MARSHALL 424 So 2d 423 INCLUDES FALSIFYING ACTUAL GRIEVANCE WITH MIS-TYPED PRINT-OUT ON RESPONSE FORMAT.
   (*) DEFINED: STATEMENT MADE TO DEPRIVE PERSON OF RIGHT, PRIVILEGE OR IMMUNITY SECURED BY THE U.S. CONSTITUTION AND LAWS....
   → AS OCCURRED WITH THIS GRIEVANCE PROCESS.

AS YOU CAN SEE RIDICULES BREEDS MORE WRONGS —
  LET'S STOP THIS MADNESS        THANK YOU
              —3—            RUDNICK 1/8/32

### CDOC LEGAL ACCESS PROGRAM WORD PROCESSING RULES    Revised 5/19/16

All Legal Access Program computers belong to CDOC and (only by permission of CDOC,) offenders may use these computers to create and to temporarily store their legal material electronically.

1. Word processors may only be used to prepare Legal Material as defined in AR 750-01 (Attachment F). General Population offenders will be provided access to Legal Access Program computers to conduct legal research and prepare legal documents.

2. "*Legal Access Program Required Photocopy & Page Limit Policy*" and "*Auxiliary Copy Sheet*" policy apply to legal material prepared on Legal Access Program computers. Legal document page limits and number of copies allowed are posted in facility law libraries. — COMPLETED OR AT ANYTIME WHEN STILL BEING CONSTRUCTED?

3. Offenders may not type or save Sovereign Citizen actions, Strawman actions, and UCC documents on Legal Access Program computers. These documents will not be printed or copied.

4. Power of Attorney (POA) documents involving real estate or financial transactions, or any document which authorizes another person to conduct financial transactions will not be saved, printed or notarized. Living Wills and Medical Durable Powers of Attorney are not permitted to be typed, saved or printed on the Legal Access Program Computers.

5. Offenders are allowed to keep up to 30 legal documents in their computer profile (student folder). If more than 30 documents are saved, only the first 30 will be allowed. The additional documents will be deleted by Legal Assistant

6. Font size on all documents will be saved and printed according to court rule requirements. This includes offender copies. All LexisNexis purchase requests will be printed in the same font and size as copied from LexisNexis (the default LexisNexis font size). All other documents are to be saved and printed in 12 point font. — 14 POINT FONT

7. Offenders may use Legal Access Program computers to prepare only documents related to legal matters. Research notes are NOT ALLOWED to be saved. Blank/draft templates are not allowed and will be deleted by Legal Assistant. Offenders may not copy & paste whole cases into any legal document from LexisNexis. Documents that do not meet court rules and/or are not complete motions but appear to be notes or compilations of case cites will not be allowed to be typed or printed. — WHO DETERMINES "NOTES"

8. All letters must be complete, with complete mailing address. Attorney letters must include the attorney's bar registration number. Incomplete letters and letters not containing this information will not be printed. Offenders are NOT allowed to copy/paste LexisNexis citations into letters; however, referencing cites is allowed. Letters created on Legal Access computers will be briefly reviewed for compliance to DOC and Legal Access Program policies.

9. If offenders are assisting each other with legal work, both offenders must be present at all times. Documents saved to an offender's profile (student folder) which do not belong to that offender will not be printed or saved at the end of the session. All documents must be saved according to current posted instructions.

10. Drafts and incomplete documents will not be printed except under special circumstances (eg:. Offender can present the other portion of the document to make it complete or those going out on parole). Once a document has been printed, it will be deleted. All duplicative documents to those printed will also be deleted.

11. The cost for printing and photocopying documents is 0.25¢ per page. Requests may be made for both an original and photocopies of the document on one request. Complete a Photocopy Request Form and Misc. Withdrawal Ticket and submit it to the clerk or legal assistant. The first printing will be considered the original document and the additional printings, the copies.

12. When saving your documents, you are not permitted to restrict them with a password.

13. It is the offender's responsibility to properly save and close all his/her legal documents prior to leaving the session. Incomplete documents left open will not save properly. Documents not saved properly will be lost and are not retrievable. Offenders cannot save more than one drafted legal document to one (1) file.

14. Legal Access Disclaimer: The Legal Access Program is not responsible for documents created on program computers which may be lost or deleted due to power outages, routine maintenance, LexisNexis issues or any other reason.

15. The Legal Access Program is not responsible for issues with accessibility due to power outages, maintenance, Lexis upgrades or other issues that may affect accessibility to computer programs or functioning of computers.

16. Offenders are not permitted to alter, delete or add folders or icons, or change any computer settings. If an offender alters anything on the computer, an incident report will be written and the incident will be logged in the offender's chronological file. Anyone found abusing the computers and/or disobeying posted rules may be subject to a COPD infraction and computer privileges will cease for that session.

17. In the event of changes to the "Word Processing Policy Agreement," offenders may be required to review and sign a new agreement or an addendum to the current agreement.

18. Requests for documents from offenders paroling or discharging shall be in writing to the legal assistant at their current or most recent facility, if discharged. Only documents compliant with current program policies and procedures will be provided. Documents will only be provided in print form, no emails, disks, flash drives, etc. Documents will be purged from DOC Law Library systems once printed. Documents will be purged if not requested within 30 day timeframe of offender parole or discharge. Photocopies will be provided consistent with AR 750-01, Legal Access Program Required Photocopy and Page Limit Policy and/or Auxiliary Copy Sheet. If offender has been discharged funds and written request need to be sent in prior to obtaining photocopies. All photocopies will be printed single sided at .25¢ per page.

By signing this form, you acknowledge that you have read the rules set forth by the Legal Access Program and will obey all rules herein, and that you will abide by all policies and rules of the Legal Access Program which pertain to printing and copying documents.

Offender Signature: _____    Date: _____

Offender Last Name (please print) _____    DOC# _____

TERESA RUSSELL
CATHY HOLST

June 15th 2016

James Rudnick
Colo. DOC # 68432
1-C SCF Box 6000
Sterling CO 80751

Federal District Court
Office of the Clerk
901 - 19th Street Rm A-105
Denver CO 80294-3589

cc: Colorado Bar Association
American Civil Liberties Union
File

Re: Prisoner's Legal Access Interference
Request for Assistance - Protection

Dear Clerk,

Enclosed are my papers describing recent hindrance of my legal remedy pursuit efforts which I believe are unconstitutional.

It's a form of: <u>invasion of privacy</u> and outright <u>blocking of documents</u> with a <u>threat</u> of "file deletion" on irrational basis. I need 'more' law library access to my files and am under deadline to make them "CDOC compliant" (June 30th 2016) or they may be deleted off the law library computer sys. files. And, the threat of loss is substantial - their solution unreasonable - their time limit too short - and their demands and enforcement tactics too invasive.

* Please read the attached documents.

* Also, is there a way you can <u>have someone answer these questions</u>:

Why are we "restricted" to <u>page limitations</u> → when [we] are paying for the material at 25¢ per page ... or, "able to purchase" copy of entire case, but <u>not</u> allowed a cite or section to be printed-out? And who gave CDOC staff their qualified authority to 'determine' what your court motion looks-like (when it is clearly in a standard motion format with no security issues)? Why is the CDOC declaring a limit to access by # of computers and scheduling, when plenty more "times" and "computers" are available? Fonts and style of construction is renewable? - even content may be shared with other staff?

I feel these are some serious wrongs that need addressing.

Please get back to me ASAP. Thank you!

Sincerely