IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02071-RM-KLM

JAMES RUDNICK,

    Plaintiff,

v.

RICK RAEMISCH,
JOHN CHAPDELAINE,
JENNIFER ANDERSON,
NICOLE WILSON,
ERIC HOFFMAN,
SAMORA,
BROWN,
DAVID CUSTER,
DARREN COREY, and
WILLIAM SHERWOOD,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Temporary Restraining Order and Preliminary Injunction** [#28][1] (the "Motion for Injunctive Relief"),[2] and Plaintiff's

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed. 1995)). Defendants have received notice of the Motion for Injunctive Relief, indicated by the fact that they have filed a Response. *See Response* [#68]. Thus, the Court will consider this Motion as a request for injunctive relief.

**Request for Action on His T.R.O./Preliminary Injunction Motion (Filed on 1-17-2017 - 2nd Time) and Notice of Hardship** [#42] (the "Motion Requesting Action"). Defendants filed a Response [#68] in opposition to the Motion for Injunctive Relief.³ The Court has reviewed the Motions, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion for Injunctive Relief [#28] be **DENIED**. The Motion Requesting Action [#42] is **DENIED as moot**.

## I. Background

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") at the Sterling Correctional Facility. He has brought this pro se action against various prison officials pursuant to 42 U.S.C. § 1983. *See Second Am. Compl.* [#24] at 12. Plaintiff challenges the replacement of his prescription eyeglasses with state-issued eyeglasses that he alleges are inadequate. He also challenges certain restrictions placed on his access to the prison's law library and his legal materials. *See id.* at 36-50. Plaintiff seeks immediate injunctive relief related to provision of new eyeglasses, unlimited and unrestricted print-outs of and access to his legal documents, and to "stop all 'scrutiny' and 'sharing' of Plaintiff's privileged confidential legal file information with other parties," among other requests. *Motion for Injunctive Relief* [#28] at 25-27. Plaintiff's Motion Requesting Action [#42] seeks a ruling on the Motion for Injunctive Relief [#28].

## II. Analysis

---

³ Although Plaintiff has not filed a Reply and his time to do so has not yet expired, the Court nonetheless may rule on the Motion for Injunctive Relief. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

## A.     Standard for Injunctive Relief

As a preliminary matter, because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

"Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks to change various prison rules, or at least to change how the rules are applied to him. *See generally Motion for Injunctive Relief* [#28]. Thus, Plaintiff seeks a preliminary injunction which would require Defendants to act and/or otherwise alter the status quo in relation to their dealings with Plaintiff. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *See Schrier*, 427 F.3d at 1261. Therefore, "the right to relief must be clear and unequivocal." *Id.* at 1258.

Additionally, the Court must consider well-established precedent that prison management functions should be left to the broad discretion of prison administrators in order to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Thus, courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269-70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation

omitted).  As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made."  *Taylor*, 34 F.3d at 269 (citations omitted).

**B.    Irreparable Injury**

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied.  *See Schrier*, 427 F.3d at 1258.  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'"  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  Irreparable harm is more than "merely serious or substantial" harm.  *Id.* (citation omitted).  The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm."  *Id.* (citation omitted).  Therefore, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable."  *See Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).

Plaintiff has failed to demonstrate that he is likely to experience more than "merely serious or substantial harm."  *See Heideman*, 348 F.3d at 1189.  First, Plaintiff alleges that use of his current state-issued eyeglasses has resulted in "eyestrain, headaches, nausea, blurred vision, and visual disorientation."  *Motion for Injunctive Relief* [#28] at 16.  Although these symptoms may rise to the level of serious or substantial harm, they do not appear to be "irreparable."  *See Bruce v. Wilson*, No. 13-cv-0491-WJM-CBS, 2013 WL 5890793

(D. Colo. Nov. 4, 2013) (adopting recommendation to deny prisoner's preliminary injunction motion for failure to show irreparable harm, where plaintiff lacked eyeglasses for over six months and suffered "painful headaches, deterioration of vision and difficulty reading or movement"). An affidavit from Trisha Kautz, a Nurse Practitioner for CDOC, states that she reviewed Plaintiff's optometry records, which show that he was last seen by an optometrist for an eye exam in August of 2015 and was provided with state-issued glasses that matched his prescription. *Aff. of Trisha Kautz* [#68-1] ¶¶ 20, 24. Moreover, she explains that Plaintiff is eligible for an optometry appointment in July 2017 and that he may obtain new glasses with an updated prescription at that time. *Id.* ¶ 27. Plaintiff's concern that Defendants "will continue to misdiagnose and misprescribe glasses" is speculative. *See Motion for Injunctive Relief* [#28] at 23. Thus, although Plaintiff alleges that his state-issued eyeglasses are inadequate, he has not demonstrated that he has been denied eyeglasses entirely, or that they are causing conditions that are likely to lead to harm that is irreparable. *See Heideman*, 348 F.3d at 1189.

Plaintiff also states several times in a conclusory fashion that the taking of his eyeglasses has hindered his access to legal remedies. *See, e.g.*, *Motion for Injunctive Relief* [#28] at 18, 19. Plaintiff's most specific explanation of how his access has been hindered is that he is "unable to maintain ongoing effort on his legal remedies without suffering eyestrain and fatigue forcing him to cease his activities to rest his eyes and relieve headaches." *Id.* at 18. The Court finds Plaintiff's argument that he has been "unable to maintain ongoing effort on his legal remedies" unconvincing, given the numerous and lengthy filings Plaintiff has submitted to the Court, which include citations to case law. *See id.* Thus, these allegations do not satisfy Plaintiff's burden of showing "that 'the injury

complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Heideman*, 348 F.3d at 1189.

Additionally, Plaintiff has failed to demonstrate, clearly and unequivocally, that he is entitled to injunctive relief regarding the alleged restrictions on Plaintiff's access to his legal work and the law library. *See Schrier*, 427 F.3d at 1258. As stated above, the docket demonstrates that Plaintiff has been able to prepare and submit numerous filings. He therefore does not appear to be hindered by his limited access to his legal work or law library access in the present case. Furthermore, Plaintiff has not alleged that he has been "denied access, only that he want[s] more or better access," which does not indicate that he will suffer irreparable harm if injunctive relief is not granted. *See Mears v. Bargdill*, 83 F.3d 432 (10th Cir. 1996) (finding allegations setting forth a "general need for . . . legal materials" and better access to a law library as insufficient for a preliminary injunction). While not entirely clear, Plaintiff also appears to allege that he is being denied access to his legal files – related to other litigation – that are stored on the CDOC Legal Access Program System because he refuses to sign a contract for usage that includes terms that are not acceptable to Plaintiff. *Plaintiff's Decl.* [#28] ¶ 5, 10-14. The only information Plaintiff provides to the Court about his other litigation is that "new constitutional grounds are revealed that will require submission of new motions into the court for proper review and relief" with respect to Plaintiff's criminal convictions. *Id.* ¶ 3. "To the extent he alleges a general need for the legal materials in order to pursue other litigation, we do not have adequate information about the other litigation to evaluate this claim." *See Mears*, 83 F.3d at 432; *see also Longstreth v. Ward*, 113 F. App'x 882, 883 (10th Cir. 2004) (upholding denial of a preliminary injunction motion involving library access because the prisoner had

-7-

not demonstrated an impediment to assertion of an actual legal claim). Moreover, based on Plaintiff's own allegations, he will gain access to his files on signing CDOC's Legal Access contract. *Plaintiff's Decl.* [#28] ¶ 14 ("defendant [Anderson] refuses to allow me access to my files unless I signed [*sic*] a (new) contract"). Plaintiff's decision not to sign a contract because he disagrees with its terms does not demonstrate exceptional and compelling circumstances warranting Court intervention in prison management. *See Taylor*, 34 F.3d at 270 n.2.

Lastly, to the extent Plaintiff conclusorily alleges that Defendant Anderson has shared Plaintiff's legal documents with other Defendants and other prisoners, Plaintiff has failed to show any irreparable harm resulting from the alleged conduct. *See Motion for Injunctive Relief* [#28] at 16; *Heideman*, 348 F.3d at 1189.

Given that the Court finds that Plaintiff has failed to demonstrate that he will suffer irreparable injury if his request for injunctive relief is denied, the Court need not analyze the three additional elements that must be established to obtain a preliminary injunction. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (noting that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief).[4]

### III. Conclusion

For the foregoing reasons,

The Court respectfully **RECOMMENDS** that the Motion for Injunctive Relief [#28] be

---

[4] Plaintiff states in the Motion Requesting Action [#42] that "a hearing must be scheduled," or that the Court must grant Plaintiff's injunctive relief request outright. *Motion Requesting Action* [#42] at 6. The Court is not inclined to set a hearing because, for the reasons discussed above, Plaintiff has not met his heavy burden of demonstrating that he will suffer irreparable harm if his requested relief is not granted. *See Schrier*, 427 F.3d at 1258.

**DENIED**.

In light of this Recommendation,

IT IS HEREBY **ORDERED** that the Motion Requesting Action [#42] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 30, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge