**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 16-cv-02071-RM-KLM

JAMES RUDNICK,

    Plaintiff,

v.

RICK RAEMISCH,
JOHN CHAPDELAINE,
JENNIFER ANDERSON,
NICOLE WILSON,
ERIC HOFFMAN,
SAMORA,
BROWN,
DAVID CUSTER,
DARREN COREY, and
WILLIAM SHERWOOD,

    Defendants.

---

# ORDER

---

    This matter is before the Court on Plaintiff's "Demand for Judicial Review and/or Recusal" (the "Motion") (ECF No. 85), seeking recusal based on Plaintiff's belief that this Court and Magistrate Judge Mix are biased and prejudiced against him and in favor of Defendants. Plaintiff believes that he would not receive a fair and impartial trial in the current case and, therefore, believes recusal under 28 U.S.C. § 455 is warranted.[1] (ECF No. 85 at 15.)

    Pursuant to 28 U.S.C. § 455(a), any judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition,

---

[1] To the extent Plaintiff seeks the Motion to "demand judicial review," Plaintiff puts forth no basis or clarification as to this request other than the title of the Motion. Accordingly, the Court interprets the Motion as a Motion for Recusal and as addressed herein, is fully informed as to Plaintiff's pending motions upon which he seeks review.

disqualification is required if the judge or magistrate judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). In this case, it appears Plaintiff is relying on adverse rulings and alleged failure of this Court to timely address certain Motions to support his beliefs.[2] But, "beliefs, conclusions, and other non-factual matters" and "prior rulings that were adverse to the moving party in this proceeding, or in another proceeding, solely because they were adverse" do not merit disqualification. *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001); *Gibbs v. Astrue*, 449 F. App'x 744, 746 (10th Cir. 2011) (unpublished); *Fitzgerald v. Zenon*, 136 F. App'x 209, 211 (10th Cir. 2005) (unpublished). Rather, "the standard to disqualify a judge is 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality . . . . In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question.'" *Bishop*, 256 F.3d at 1058 (*quoting United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993)). The standard for disqualification is "purely objective[,]" as the "inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Bishop*, 256 F.3d at 1058 (*citing Cooley*, 1 F.3d at 993).

In the Motion, Plaintiff asserts the substantive merits of his claims alleging Defendants violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights by conspiring to "hold Plaintiff's legal files hostage," sharing his privileged work product information (from those files), threatening deletion of the files, restricting Plaintiff's file access and file content to scrutinize, censor, and share Plaintiff's legal materials, and confiscating Plaintiff's personal eyeglasses. (ECF No. 85 at 2–4.) In addition to reasserting the merits of his claims against Defendants, Plaintiff seeks recusal of this Court and Magistrate Judge Mix on three general

---

[2] The Court is mindful that Plaintiff proceeds *pro se*; therefore, the Court reviews his papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

2

bases: first, that adverse rulings show bias against Plaintiff; second, the Court and Magistrate Judge Mix engaged in "irrational" and "unnecessary delay" in failing to make timely rulings; and third, that both are inherently biased in favor of the government.

First, to the extent Plaintiff takes issue with previous rulings of this Court or those of Magistrate Judge Mix, the general rule recognized by the Tenth Circuit is that rulings that were adverse to the moving party, solely on their adverse nature, do not merit disqualification. *Bishop*, 256 F.3d at 1058. Other than his criticisms as to rulings issued in Defendants' favor, Plaintiff has put forth no factual evidence to show, for example, a motivation to rule against him. Rather, Plaintiff solely highlights his dissatisfaction as to determinations made throughout this litigation; including requiring him to amend his Complaint; requiring him to resubmit his TRO motion; and granting Defendants' requests for extension of time.

Each of these contentions is without merit. First, Magistrate Judge Gallagher, not this Court or Magistrate Judge Mix, ordered Plaintiff to amend his Complaint, giving Plaintiff a second opportunity to cure deficiencies in his Prisoner Complaint after previously ordering the same nearly two months prior. (ECF Nos. 3, 11.) Likewise, Judge Arguello, not this Court or Magistrate Judge Mix, denied Plaintiff's Motion for TRO without prejudice and allowed him to resubmit his request, once his Amended Complaint met the pleading rules and set forth cognizable legal claims for relief. (ECF No. 17.) Because different judges issued those orders, those determinations provide no basis for recusal of the presently presiding judge or magistrate judge, who took no part in their issuance. Further, Plaintiff's argument that Magistrate Judge Mix's orders granting Defendants additional time to respond to Plaintiff's motions is evidence of partiality also fails as Plaintiff was granted the same relief on two occasions. (ECF Nos. 8, 21.)

Thus, because Plaintiff offers nothing more than his own dissatisfaction as to the adverse determinations, the Court will not order recusal of itself or Magistrate Judge Mix on this basis.

Second, to the extent the Motion seeks recusal based on unnecessary delay, Plaintiff similarly fails to meet the threshold showing for recusal. The Tenth Circuit has noted that there is "no authority for the proposition that the 'time and manner of [the judge's] ruling creates a reasonable doubt about impartiality, absent any other indicia of bias or partiality.'" *Id.* at 1168; (*quoting Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir.1999)); *see also Kennedy v. Meacham,* 540 F.2d 1057, 1060 (10th Cir.1976) (noting that delays attributed to the judge are not sufficient grounds for disqualification). Plaintiff argues the Court "failed to make a timely ruling on separately filed TRO/Prelim. Injunction" (ECF No. 85 at 6), failed to respond to his "Objections and Fair Notice" which objected to the Court's Order dismissing certain Defendants (ECF No. 85 at 7); failed to timely add parties to his Complaint, and failed to provide a ruling on Plaintiff's Motion for Default Judgment (ECF No. 85 at 12)—each of which results in ongoing delay and injury to Plaintiff.

The motions Plaintiff complains are pending before the Court and Magistrate Judge Mix include Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 28), Plaintiff's Motion to Amend/Add Parties (ECF No. 53), Plaintiff's Objection to Order Issued Jan. 26, 2017 (ECF No. 38), Plaintiff's Motion for Default Judgment (ECF No. 64), and Plaintiff's Second Motion for Default Judgment (ECF No. 77). The Court does not find unnecessary delay in handling Plaintiff's pending motions. Rather, this Court and Magistrate Judge Mix have actively attended to the docket in this matter. Indeed, Magistrate Judge Mix issued her Recommendation to deny Plaintiff's Temporary Restraining Order and Preliminary Injunction (ECF No. 71) to which Plaintiff objected on June 12, 2017 (ECF No. 83), less than

4

one month prior to issuance of the present Order. Moreover, Plaintiff's pending motions also include duplicative requests for relief, for example ECF No. 64 ([ ] Request for Default Judgment) and ECF No. 77 (Second Motion for Default Judgment), both of which request default based, in part, on Defendants' failure to respond to Plaintiff's Complaint and motion for temporary restraining order (albeit responses from Defendants were timely submitted by May 16, 2017 (ECF Nos. 68, 69), within the timeframe allotted by Magistrate Judge Mix pursuant to ECF No. 61); *see also* Plaintiff's Motion to Strike (ECF No. 76) which requests this Court strike Defendants' Response to Plaintiff's Motion for Temporary Restraining Order as untimely. The duplicative nature of Plaintiff's requests for relief inherently delays judgment, as the Court is required to review overlapping evidence and arguments. Aside from Plaintiff's personal belief any delay in judgment is unreasonable, nothing suggests, nor has Plaintiff offered, any other indicia of bias or partiality from this Court or Magistrate Judge Mix.

Lastly, Plaintiff appears to contend the Court is biased in favor of the government by "presenting [an] absolute show of favoritism." (ECF No. 85 at 13.) Plaintiff suggests an inference of bias is warranted as certain high ranking government officials have been dismissed from the case (Vorwald, Deal, Reynolds, Sanchez, Jacobson, Holst, DeCesaro, Ward, and Coffman), which shows an "apparent misplaced loyalty to protect and defend state employees who are members of the Bar," a desire to protect the AG's Office, and is evidence of a "deliberate effort to conceal Plaintiff's cause of action." (ECF No. 85 at 8–13.) Further, Plaintiff argues the Court is biased as it has failed to record and add newly involved parties (Hansen and Scherbarth) to his Complaint. (ECF No. 85 at 11.)

Again, Plaintiff provides no evidence other than his conclusory statements of dissatisfaction as to the determinations made in his case, which are insufficient grounds for

5

recusal.  First, the decision to dismiss Defendants Vorwald, Deal, Reynolds, Sanchez, Jacobson, Holst, DeCesaro, Ward, and Coffman was not made by this Court or Magistrate Judge Mix, but by Judge Babcock (ECF No. 29), which again provides no relevance to recusal of the currently presiding judge or magistrate judge.  Second, to the extent Plaintiff argues the Court is biased in favor of state employees or members of the Bar, his assertion is without evidentiary support and unconvincing.  Third, the Court has not failed to record and add parties to Plaintiff's Complaint as he alleges, rather, Plaintiff's Motion to Amend/Add Parties (ECF No. 53) is a pending request, yet to be addressed by the Court, and as such, his concern boils down to the same timeliness concerns addressed above—insufficient for recusal.

As shown herein, each of the grounds Plaintiff presents for recusal are comprised of either determinations made by another judge insufficient to recuse presiding judges or conclusory assertions based on his dissatisfaction as to the adverse nature or timeliness of this Court's or Magistrate Judge Mix's rulings.  None provides factual support that creates any reasonable inference from which to infer partiality or bias.  The Court has as much obligation not to recuse itself when there is no occasion to do so, as when there is a valid basis upon which to recuse—here, the Court will not recuse itself or Magistrate Judge Mix on Plaintiff's unsupported and highly tenuous speculation.  *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

It is ORDERED that Plaintiff's "Demand for Judicial Review and/or Recusal" (ECF No. 85) is DENIED.

DATED this 10th day of July, 2017.

BY THE COURT:

/s/ Raymond P. Moore
RAYMOND P. MOORE
United States District Judge